Lauren Tegan Rodkey, Esq. (SBN: 275830)
**Price Law Group, APC**
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5526
F: (818) 600-5426
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Cherrie Poncin*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERRIE PONCIN,<br><br>    Plaintiff,<br><br>v.<br><br>VERICRED SOLUTIONS LLC,<br><br>    Defendant. | **Case No.:** '20CV1509 JLS MDD<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*<br><br>2. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.* |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Cherrie Poncin ("Plaintiff" or "Ms. Poncin"), through her attorneys, alleges the following against Vericred Solutions LLC ("Defendant" or "Vericred"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., which prohibits debt

1

collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which also prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. The Court has federal question jurisdiction over Plaintiff's federal claims under 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 in that they are so related to Plaintiff's federal claim that they form part of the same case or controversy.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in San Diego, California.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Cal. Civ. Code § 1785.3(b).

9. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

10. Defendant is a "person" as defined by Cal. Civ. Code § 1788.2(g).

11. At all relevant times herein, Defendant was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

12. Defendant regularly attempts to collect debts alleged to be due another, and thereby is a "debt collector" as defined by the 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

13. Defendant's principal place of business is located in Castle Rock, CO. Defendant can be served through its registered agent, Corporation Service Company, at 1900 W. Littleton Boulevard, Littleton, CO 80120.

14. Defendant acted through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15. Defendant is attempting to collect a debt allegedly owed to it by Ms. Poncin.

16. The debt allegedly arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

17. In or around April 2020, Ms. Poncin obtained her credit report and discovered, for the first time, a debt reporting by Defendant Vericred allegedly owed to KMART, in the amount of $921.00.

18. After reviewing her credit report, Ms. Poncin contacted Vericred and spoke with a representative who identified herself as Veronica.

19. During the call, Ms. Poncin requested that Vericred send her validation proof of the debt.

20. In or around May 2020, Ms. Poncin received a collection notice from Vericred dated May 19, 2020 informing her and seeking payment on the alleged debt.

21. This is the first time Ms. Poncin had ever received a notice from Vericred.

22. The letter from Vericred attempted to collect $921.88 and listed the original creditor as KMART.

23. Vericred's letter failed to disclose the age of the debt, that there is a four-year statute of limitations on the debt (pursuant to Cal. Civ. Proc. Code § 337), and that the statute of limitations had expired.

24. The collection letter also failed to disclose that making a partial payment on the debt may reset the expired statute of limitations.

25. On or about July 8, 2020, Ms. Poncin called Vericred and spoke with a supervisor.

26. Ms. Poncin informed the supervisor that the last payment she made on the account was in November 2015 and that the debt was past the California statute of limitations.

27. The supervisor informed Ms. Poncin that she owed the debt and needed to pay it.

28. The supervisor stated; "so you're going to be one of those people who don't pay their bills?"

29. Ms. Poncin was so shocked, angry, and humiliated that she ended the call.

30. Ms. Poncin is experiencing financial difficulties as she is living paycheck to paycheck.

31. Ms. Poncin is also currently living far away from her family and is struggling with depression.

32. By not disclosing that the alleged debt was time-barred in either the May 19, 2020 letter or in the July 8, 2020 phone call, Vericred attempted to induce Ms. Poncin to believe that the debt was legally enforceable.

33. Upon receipt of Vericred's letter, Ms. Poncin believed that there was a possibility she may be sued by Vericred if she did not pay the debt.

34. Upon information and belief, Vericred's conduct was not only willful but was done with the intention of causing Ms. Poncin such distress, so as to induce her to pay the debt or to pay more than she was able to.

35. Vericred's conduct has caused Ms. Poncin actual damages, including but not limited to, worsened depression, stress, humiliation, embarrassment, anguish, and mental and emotional pain.

## COUNT I
## (Violations of the FDCPA, 15 U.S.C. § 1692)

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The conduct of Defendant is actionable under Section 1692e which states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Section 1692e further prohibits the false representation of – the character, amount, or legal status of any debt.

38. Pursuant to Section 1692e(2)(A), Defendant used false, deceptive, and/or misleading representations and/or means in connection with the collection of the debt from Plaintiff.

39. Defendant deceptively represented that the debt was still owed by Plaintiff, when in fact the debt was time-barred.

40. Further, Defendant attempted to collect from Plaintiff on the alleged debt that it knew was outside of the statute of limitations and failed to inform Plaintiff that she could not be sued for it and that repayment may reset the statute of limitations.

41. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

42. Defendant violated 15 U.S.C. § 1692f(1), by using unfair or unconscionable means to collect or attempt to collect any debt. Specifically, the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

43. Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt.

44. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

45. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## COUNT II
### (Violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)

46. Plaintiff incorporates by reference paragraphs one (1) through thirty-six (36) of this Complaint as though fully stated herein.

47. Defendant violated the RFDCPA. Defendants violations include, but are not limited to, the following:

48. Defendant violated Cal. Civ. Code § 1788.14(d)(1) by attempting to collect a time-barred debt without including in its first communication with the Plaintiff, the statutorily required language:

49. Defendant violated Cal. Civ. Code § 1788.14(d)(1) by attempting to collect a time-barred debt without including in its first communication with the Plaintiff, the statutorily required language:

"The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, [Vericred] may continue to report it to the credit reporting agencies as unpaid for as long as the law permits this reporting."

50. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections

1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

51. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt

52. Defendant's acts, as described above, were done willfully and knowingly.

53. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Cherrie Poncin respectfully requests judgment be entered against Defendant, Vericred Solutions LLC, a Debt Collector, for the following:

    A. Declaratory judgment that Defendant violated the FDCPA;

    B. Actual Damages pursuant to 15 U.S.C. 1692k(a)(1);

    C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2);

    D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3);

    E. Declaratory judgment that Defendant violated the RFDCPA;

    F. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

G. Statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

H. Costs and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c);

I. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

J. Any other relief that this Honorable Court deems appropriate.

### **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Respectfully submitted this 5th day of August 2020.

**PRICE LAW GROUP, APC**

*/s/Lauren Tegan Rodkey*
Lauren Tegan Rodkey, Esq. (SBN: 275830)
Price Law Group, APC
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5526
F: (818) 600-5426
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Cherrie Poncin*